UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M. SHAWN LAWLER et al., | CASE NO. 3:24-cv-05985-DGE |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| DAVID C. SMITH et al., | |
| Defendant. | |

This matter comes before the Court on its own review of the record. Plaintiffs' statements establishing diversity jurisdiction over this matter are, to this point, insufficient. Plaintiff Lawler alleges that he is "an individual residing in the State of Washington" and Defendant Smith is "an individual residing in the State of California." (Dkt. No. 1 at 2.) However, the complaint does not identify each party's state of *citizenship*. As the Ninth Circuit explains:

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent

ORDER TO SHOW CAUSE - 1

home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted); *see also E. Bay L. v. Ford Motor Co.*, 2015 WL 13926922, at *1 (9th Cir. May 15, 2015) (diverse residency is not sufficient to establish diversity jurisdiction).

Similarly, Plaintiff Driving Plates alleges that it is "a limited liability company with its principal place of business in the State of Washington." (Dkt. No. 1 at 2.) Its corporate disclosure document states that it is incorporated in Washington and has its principal place of business in Washington, so it is "therefore a citizen of Washington." (Dkt. No. 2 at 1.) But in the Ninth Circuit, an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, Plaintiff Driving Plates needs to furnish information about the citizenship of its owners/members. Plaintiffs will also need to supply that information as to Defendant Third Law Productions LLC (d/b/a Plate Pros).

Therefore, the Court ORDERS Plaintiffs to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiffs may discharge this order by amending their complaint on or before February 7, 2025. The Clerk shall calendar this event.

Dated this 22nd day of January, 2025.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 2